IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANITA A. MARSH,

        Plaintiff,        Civil No. 04-79-HA

        v.        OPINION
                AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant.

---

Phyllis Burke
4370 N.E. Halsey Street
Portland, Oregon 97213
    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204

Stephanie R. Martz

1 - OPINION AND ORDER

Special Assistant United States Attorneys
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
    Attorneys for Defendant

HAGGERTY, Chief Judge:

Pursuant to Titles II and XVI of the Social Security Act (the Act), 42 U.S.C. §§ 401-433, 1381-1383(f), plaintiff seeks judicial review of the final administrative decision denying her applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI). For the reasons provided below, the court concludes that the Commissioner's decision is not supported by substantial evidence. The Commissioner's decision is reversed and this case is remanded for an immediate award of benefits.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB and SSI with a protective filing date of August 28, 2000, alleging disability as of June 5, 1997. The Commissioner denied plaintiff's application initially and upon reconsideration. On July 24, 2002, and November 26, 2002, hearings were held before an administrative law judge (ALJ). At the second hearing, plaintiff was represented by counsel, and a vocational expert (VE) testified. On December 6, 2002, the ALJ issued a decision finding plaintiff not disabled and denying her claim for benefits. On November 21, 2003, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 422.210.

The Commissioner concedes that the ALJ's opinion cannot be upheld and urges the court to remand this case for further administrative proceedings. Plaintiff argues that a

finding of disability is compelled. Therefore, the only question before the court is whether to remand for further proceedings or for an award of benefits.

**STANDARDS**

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A person can be disabled for these purposes only if his or her impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner bears the burden of developing the record. 20 C.F.R. §§ 404.1512(d), 416.912(d); *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for disability benefits. 20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen,* 882 F.2d 1453, 1456 (9th Cir. 1988). If a determination that the claimant is, or is not, disabled can be made at any step, further review is unnecessary. 20 C.F.R. § 404.1520 Below is a summary of the five steps:

<u>Step One</u>. The Commissioner determines whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. If the claimant is not

engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 416.920(a)-(b).

Step Two. The Commissioner determines whether the claimant has a severe mental or physical impairment. If not, the claimant is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 416.920(c).

Step Three. Because disability cannot be based solely on a severe impairment, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the Social Security Act regulations. 20 C.F.R. pt.404, subpt.P, app. 1. If so, the claimant is disabled. If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. This requires the ALJ to examine the claimant's residual functional capacity (RFC) and the physical and mental demands of the claimant's past relevant work. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A claimant must be able to perform his or her past relevant work either as actually performed or as generally performed in the national economy. 20 C.F.R. § 416.920(e). If the claimant is able to perform the work, the claimant is not disabled. If the claimant demonstrates that he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's application proceeds to Step Five. *Id.*

Step Five. The Commissioner determines whether the claimant is able to do any other work. If not, the claimant is disabled. If the Commissioner finds that the claimant is

4 - OPINION AND ORDER

able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines. 20 C.F.R. pt.404, subpt.P, app.2. If the Commissioner satisfies this burden, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled for purposes of receiving benefits. 20 C.F.R. § 416.920(f).

The burden of proof is on the claimant as to Steps One through Four. *Tackett*, 180 F.3d at 1098. As noted above, however, at Step Five, the Commissioner bears the burden of showing that the claimant can perform jobs that exist in significant numbers in the national economy. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett,* 180 F.3d at 1098, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039 (citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1040. However, even if the Commissioner's decision is supported by substantial evidence, it must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

## DISCUSSION

Plaintiff was thirty-nine years old at the time the ALJ issued his decision. She completed high school and two years of college. Her past relevant employment history includes work as a taxi driver, administrative clerk, claims analyst/auditor, and telephone solicitor. Plaintiff alleges disability based on fibromyalgia, chronic pain, depression, and fatigue.

At Step One, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. At Step Two, the ALJ found that plaintiff had the severe impairments of fibromyalgia and depression with features of anxiety. At Step Three, the ALJ found that those impairments did not meet or equal any in the listing of impairments.

In determining plaintiff's RFC, the ALJ found that she was able to perform medium exertion work but must avoid all concentrated exposure to fumes, dusts, gases, and other hazards. The ALJ also found that plaintiff was moderately limited in her ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with or in proximity to others without being distracted by them; interact appropriately with the general public; and set realistic goals or make plans independently of others.

At Step Four, the ALJ found that plaintiff was able to perform her past relevant work, and, therefore, that she was not disabled under the Act.

Plaintiff argues that the ALJ erred by: (1) failing to identify and consider all of her severe impairments; (2) improperly rejecting medical source opinions; (3) improperly rejecting her testimony; (4) improperly rejecting lay witness testimony; (5) failing to find

that her impairments meet or equal Listing 12.04; and (6) failing to include all of her limitations in her RFC and in the hypothetical question presented to the VE.

As the Commissioner concedes in her Memorandum in Support of Remand, the ALJ's opinion contains several legal errors. However, the court need not discuss each of these errors, because an analysis of the improperly rejected medical source opinion alone compels a finding of disability.

**The ALJ Improperly Rejected Dr. Garrison's Opinion**

At the ALJ's request, Dr. Miller Garrison, Ph.D., testified at plaintiff's hearing on the issue of whether plaintiff had a psychological impairment that met or equaled any of the listings for a continuous period of twelve months. The required level of severity for Listing 12.04 (Affective Disorder) and Listing 12.06 (Anxiety Disorder) is met when both the "A" and "B" requirements are satisfied. 20 CFR pt. 404, Subpt. P, App. 1. Dr. Garrison opined that plaintiff satisfied the "A" criteria for both Listing 12.04 and Listing 12.06, and the ALJ adopted this opinion in his findings.

In addressing the "B" criteria of the Listings, Dr. Garrison testified that plaintiff's activities of daily living and deficiencies of concentration, persistence, or pace were "moderately" limited. AR 113. Dr. Garrison also testified that plaintiff's social functioning was "markedly" impaired and that she had experienced "repeated" episodes of decompensation during a twelve-month period since her alleged onset date. AR 115-16, 119. The ALJ rejected Dr. Garrison's testimony regarding her social functioning and, instead, found that plaintiff's limitations in social functioning were "mild." AR 43. The ALJ also found that the record indicated "no" episodes of decompensation since plaintiff's alleged onset date. AR 43.

7 - OPINION AND ORDER

The Commissioner concedes that the ALJ improperly considered Dr. Garrison's testimony and that, if his opinion were true, plaintiff would meet the requirements of Listings 12.04 or 12.06. Nonetheless, the Commissioner argues that Dr. Garrison's testimony is not supported by substantial evidence in the record because plaintiff did not have a sufficient number of episodes of decompensation. The court disagrees.

"Episodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. pt. 404, Subpt. P, App. 1. Such episodes "may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation." *Id.* Episodes of decompensation may also be inferred

> from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household); or other relevant information in the record about the existence, severity, and duration of the episode.

*Id.*

Repeated episodes of decompensation can be established by showing three episodes within one year, each lasting for at least two weeks, or by showing "more frequent episodes of shorter duration or less frequent episodes of longer duration" if "the duration and functional effects of the episodes are of equal severity [such that they ] may be used to substitute for the listed finding in a determination of equivalence." *Id.*

On February 3, 2001, plaintiff was admitted to the hospital due to worsening symptoms of depression, anxiety, insomnia, and "diminished functional level related to past

8 - OPINION AND ORDER

sexual abuse issues." AR 583. On January 13, 2002, plaintiff was admitted to the hospital after a number of days of declining functioning, including being unable to leave home due to anxiety, inability to sleep, experiencing dreams about being raped, having suicidal ideation, and cutting her wrists. She remained in the hospital until January 17, 2002. Plaintiff also visited the emergency room and was hospitalized for mental health issues on December 25, 2000, January 6, 2001, July 22-23, 2001, April 2, 2002, and in early September 2002. Clearly, the ALJ's finding that plaintiff did not experience any episodes of decompensation is not supported by substantial evidence in the record. Therefore, his improper rejection of Dr. Garrison's testimony constituted legal error.

> This court will credit evidence and remand for an award of benefits where:
>
> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292. Here, the court credits as true the evidence that plaintiff experienced repeated episodes of decompensation, which compels a finding that plaintiff meets the requirements of listings 12.04 and 12.06 and is disabled under the Act.

## **CONCLUSION**

The court concludes that further administrative proceedings would serve no useful purpose. Based upon the foregoing, this case is REVERSED and REMANDED pursuant to

//

//

//

42 U.S.C. § 405(g) to the Commissioner for the calculation and award of benefits to Anita A. Marsh, based on an onset date of June 5, 1997.

IT IS SO ORDERED.

DATED this __25___ day of April, 2005.


__/s/Ancer L.Haggerty _____
ANCER L. HAGGERTY
United States District Judge